**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JULIO ALBERTO DOMINGUEZ,** | ) | |
| **Defendant-Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No.  3:06-CV-1295-D** |
| | ) | **No.  3:04-CR-357-D** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff-Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the United States

District Court for the Northern District of Texas, this case has  been referred to the United States

Magistrate Judge.  The findings, conclusions, and recommendation of the magistrate judge are as

follows:

**FINDINGS AND CONCLUSIONS**

Julio Alberto Dominguez ("Movant") seeks to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  Movant is a federal prisoner currently incarcerated in a federal

correctional institution.  Respondent is the United States of America ("Respondent").

**STATEMENT OF THE CASE**

On November 16, 2004, Movant was charged by indictment with one count of illegal

reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and 6 U.S.C. §§ 202 and

557.  On February 18, 2005, Movant pled guilty.  On May 20, 2005, the trial court sentenced him

to 41 months' imprisonment and a two-year term of supervised release.  The Fifth Circuit Court

of Appeals affirmed his conviction on January 26, 2006.  *United States v. Dominguez,* No. 05-

10718, 158 F. App'x 564, 2005 WL 3426660 at *1 (5th Cir. Dec. 14, 2005).  Movant timely filed

his § 2255 motion on September 8, 2006.

## STATEMENT OF THE CLAIM

In four grounds for relief; Movant alleges the following claim:

> That he should have been sentenced to a maximum term of two years
> imprisonment, because he did not plead guilty to the enhanced § 1326(b)(2)
> offense.

## EXAMINATION OF THE CLAIM

Rule 4(b), of the Rules Governing Section 2255 Proceedings  for the United States

District Courts provides in part as follows:

> If it plainly appears from the face of the motion, any annexed exhibits, and the
> record of prior proceedings that the moving party is not entitled to relief, the
> judge must dismiss the motion and direct the clerk to notify the moving party.

This Court has determined that a response is not required because the § 2255 motion is ripe for

summary dismissal.

The Fifth Circuit Court of Appeals summarily affirmed the judgment in this case based

on the same claim Movant attempts to raise in his § 2255 motion.  *Dominguez*, 2005 WL

3426660 at *1.  Grounds previously litigated and rejected on direct appeal, cannot be re-urged in

a post conviction § 2255 motion.  *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994);

*United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986).  Thus, Movant's claim raised in his §

2255 motion is meritless.  Movant's § 2255 motion does not present any basis for collateral

relief and should be summarily dismissed.

Alternatively, considering the merits, the Fifth Circuit Court of Appeals determined that

according to the United States Supreme Court, enhanced penalties in § 1326(b) are sentencing

provisions, not elements of the offense.  *Almendarez- Torres v. United States,* 523 U.S. 224, 235

(1998).  The Supreme Court held that the sentencing provisions do not violate the Due Process Clause.  *Almendarez-Torres,* 523 U.S. at 239-47.  Further, the Fifth Circuit has specifically held that *Almendarez- Torres* remains binding unless the Supreme Court overturns it.  *United States v. Garza- Lopez*, 410 F.3d 268, 276 (5th Cir. 2005).  Therefore, Movant's judgment and sentence did not violate his Due Process rights.

### RECOMMENDATION

This Court hereby recommends that Movant's motion to vacate, set aside, or modify his conviction and sentence pursuant to 28 U.S.C. § 2255 be summarily dismissed.

Signed, November 29, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).